United States District Court
Southern District of Texas
**ENTERED**
December 17, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IFEANYICHUKWU IROH, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:15-CV-1601 |
| | § | |
| BANK OF AMERICA, N A, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

Before the Court are the several motions to dismiss of the defendants in this case. The plaintiff, Ifeanyichukwu Iroh, brought this suit against the defendants, Bank of America, NA, Caliber Home Loan, Inc., DHI Mortgage Company, Ltd., Randall C. Present, U. S. Bank National Association, Bria Carter, Mortgage Electronic Registration System, Inc., Merscorp Holding, Inc., Countrywide Home Loans Servicing, LP, LSF9 Master Participation Trust, Chase Bank, Summit Trustee Services, LLC, Nathan F. Smith and Recontrust, NA. He asserts a litany of claims against these entities and/or individuals seeking, *inter alia*: (1) a permanent injunction against "any and all future foreclosure attempts"; (2) monetary damages in the amount of $14 million; and (3) a declaratory judgment that he is the "lawful and sole owner in full possession of the property and home in fee simple." The Court conducted a telephonic conference with the parties and, after careful consideration of the parties' motions and arguments, the plaintiff's pleadings, and the applicable law, announced that a dismissal of the plaintiff's suit would be appropriate.

There are currently four motions to dismiss pending in this matter. The defendant, JPMorgan Chase Bank, N.A. ("JPMC"), has filed a motion to dismiss the plaintiff's complaint

for failure to state a claim. (Dkt. No. 4). The defendants, Caliber Home Loan, Inc. ("Caliber"), U.S. Bank National Association ("U.S. Bank"), U.S. Bank National Association, as Trustee for LSF9 Master Participation Trust ("LSF9"), and Summit Trustee Services, LLC ("Summit"), have jointly filed a motion to dismiss. (Dkt. No. 5). Additionally, the defendants, Bank of America, N.A. ("BANA")[1], Mortgage Electronic Registration Systems, Inc. ("MERS"), Merscorp Holdings, Inc. ("MERSCORP"), and ReconTrust Company, N.A. ("ReconTrust"), have jointly filed a motion to dismiss. (Dkt. No. 6). Finally, the defendant, Nathan Smith ("Smith"), has filed a motion to dismiss. (Dkt No. 8). The plaintiff, proceeding *pro se*, has failed to file a response to any of the motions to dismiss and the time for doing so has long expired. Pursuant to S.D. Tex. LR 7.4, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. LR 7.4. Accordingly, the Court **GRANTS** the defendants' motions to dismiss for failure to state a justiciable cause of action against any party.

## II.     FACTUAL BACKGROUND

On December 1, 2008, the plaintiff executed a promissory note (the "Note") in the amount of $163,015.00, in addition to a Deed of Trust granting a security interest in the real property located at 3915 Eastland Lake Drive, Richmond, Texas 77406 ("Property"). The Deed of Trust expressly authorizes MERS to act as the beneficiary, as nominee for the original lender, DHI Mortgage Company, Ltd. ("DHI"), its successors and assigns. On December 16, 2008, the Deed of Trust was recorded in the real property records of Fort Bend County, Texas as Doc. No. 2008128490. On or about May 7, 2012, MERS assigned its interest in the Deed of Trust to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide

---

[1] Countrywide Home Loans Servicing, LP ("Countrywide") has been named as a defendant in this action. Effective April 27, 2009, Countrywide changed its name to BAC Home Loans Servicing, LP and, on July 1, 2011, BAC Home Loans Servicing, LP merged with Bank of America, N.A. Since BANA is a defendant in this action who has appeared, Countrywide is hereby dismissed as a party defendant.

Home Loans Servicing, LP, by instrument recorded in the real property records of Fort Bend County, Texas. Subsequently, the plaintiff defaulted on the loan and Caliber Home Loan, Inc. ("Caliber"), as mortgage servicer, initiated foreclosure proceedings with respect to the Property.

On April 6, 2015, the plaintiff commenced a Chapter 13 Bankruptcy action in the United States Bankruptcy Court, Southern District of Texas, Houston Division, identified as Bankruptcy Case No. 15-31903 H5-13. In the Schedule D attached to his Voluntary Petition, the plaintiff lists two secured claims with regard to the Property: (1) a conventional real estate mortgage in the amount of $176,561.00; and (2) mortgage arrears in the amount of $48,000.00. Caliber is identified as the secured creditor for both claims and such claims are not identified as being disputed.

Two months later, on June 8, 2015, the plaintiff filed the instant action against 14 entities and/or individuals, including former and/or current mortgagees and loan servicers, substitute trustees, and/or bankruptcy attorneys seeking, *inter alia*: (1) a permanent injunction against "any and all future foreclosure attempts"; (2) monetary damages in the amount of $14 million; and (3) a declaratory judgment that he is the "lawful and sole owner in full possession of the property and home in fee simple." Specifically, the plaintiff alleges that his claims are being brought under: (i) Title 17 of the Code of Federal Regulations[2]; (ii) the Fair Debt Collection Practices Act; (iii) "U.S. Code: Title 15: Commerce and Trade"[3]; and (iv) the U.S. Constitution.[4] On July

---

[2] The plaintiff has failed to plead any factual or legal predicate to support a claim under 17 C.F.R. § 240.14a-9, as this provision applies when false or misleading statements are used to solicit proxies in the trading of shares and securities. Specifically, 17 C.F.R. § 240.14a-9 provides a cause of action where a statement is used to solicit proxies and it either (1) does not include information required by the Securities and Exchange Commission's ("SEC") rules or (2) contains a materially false or misleading statement.

[3] The plaintiff does not identify any provision under Title 15 under which he seeks to assert claims. Title 15 consists of 103 chapters and numerous provisions. As such, a general claim under "U.S. Code: Title 15: Commerce and Trade" does not provide fair notice as required by Rule 8 of the Federal Rules of Civil Procedure.

21, 2015, upon the trustee's motion to dismiss, the plaintiff's bankruptcy case was dismissed due to the plaintiff's failure to comply with various plan prerequisites. The plaintiff also appears to assert claims for attempted wrongful foreclosure, to quiet title, violations of the Deceptive Trade Practices Act, common law fraud and injunctive relief.

To date, only two defendants, DHI Mortgage Company, Ltd. ("DHI") and Randall C. Presents ("Presents"), have filed an answer to the plaintiff's complaint[5]. *See* Dkt. No. 3. Ten of the fourteen defendants now move to dismiss the plaintiff's complaint.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167

---

[4] The plaintiff does not identify a single constitutional right that was allegedly violated by the defendants or assert that any of the defendants are state actors or that they acted under color of state law.

[5] In its answer, DHI asserts that it no longer holds any title or interest in the Property. Presents maintains that he is not a necessary party to the action and that he believes that he was named as a party solely in his capacity as the original trustee under the Deed of Trust. He further asserts that he has had no direct contacts with the plaintiff and has never spoken or corresponded with him regarding the alleged foreclosure at issue. Presents attaches his verification to his answer. *See* Dkt. No. 3.

L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims.

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 - 18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## IV. ANALYSIS AND DISCUSSION

In his complaint, the plaintiff makes several broad and conclusory allegations against the defendants. Specifically, he makes only general allegations against the defendants and fails to identify which defendants are accused of what causes of action. Moreover, the schedules attached to his bankruptcy filings denote that he does not dispute the mortgage debt or that he has defaulted on the mortgage loan by failing to make various payments. His complaint is not stated with enough clarity to enable the parties to determine whether and/or what claim is specifically being alleged against them. Nevertheless, when applying a liberal construction to the plaintiff's complaint as this Court must do, given his *pro se* status, the plaintiff's claims are summarized as follows:

### A. The Plaintiff's Claim for Attempted Wrongful Foreclosure

The plaintiff appears to allege that the defendants are liable for attempted wrongful foreclosure because they are attempting to enforce an invalid and/or voided contract and, through

trickery and deception, they have induced him to go into default by attempting to steal his property. The defendants move to dismiss the plaintiff's attempted wrongful foreclosure claim, asserting that Texas law does not recognize a cause of action for attempted wrongful foreclosure. This Court agrees.

"Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price for the property." *Matthews v. JPMorgan Chase Bank, NA,* No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.,* 268 S.W.3d 135, 139 (Tex. App.- Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.-Houston [14th Dist.] 1989, writ denied)); *see also Pollett v. Aurora Loan Servs.*, No. 11-50059, 2011 WL 6412051, at *1 (5th Cir. Dec. 21, 2011). Claims for *attempted* wrongful foreclosure, however, are simply not cognizable under Texas law. *See Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 1007 (S.D. Tex. 2011) (citing *Baker v. Countrywide Home Loans, Inc.,* No. 3:08–CV–0916–B, 2009 WL 1810336, *4 (N.D. Tex. June 24, 2009) ("Because recovery is premised upon one's lack of possession of real property, individuals never losing possession of the property cannot recover on a theory of wrongful foreclosure. As such, courts in Texas do not recognize an action for attempted wrongful foreclosure.")).

The plaintiff has failed to plead a plausible claim for relief premised on an attempted wrongful foreclosure theory. Indeed, it is undisputed that the foreclosure proceedings were

halted upon the commencement of the plaintiff's bankruptcy case and the defendant did not foreclose on the plaintiff's property. Therefore, the plaintiff never lost possession of the property and his claim for attempted wrongful foreclosure must be dismissed.

  **B.**  **The Plaintiff's Claim for Violations of the Fair Debt Collection Practices Act**

The plaintiff generally alleges, without explanation, that the defendants are engaged in practices prohibited by the Fair Debt Collection Practices Act ("FDCPA") such as "harassment or abuse, [f]alse or misleading representation[s] and [u]nfair practices." (Pl.'s Compl. at 2). "The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp.2d 619, 626 (S.D. Tex. 2010) (quoting 15 U.S.C. § 1692(e)). A "debt collector" is defined, within the meaning of the FDCPA, as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The activity of foreclosing on a property pursuant to a deed of trust[, however,] is not the collection of debt within the meaning of the FDCPA." *Bittinger*, 744 F. Supp.2d at 626 (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008)); *see also Brown v. Morris*, No. 04-60526, 2007 WL 1879392, at 3 (5th Cir. June 28, 2007) (acknowledging that the Fifth Circuit has "implicitly recognized that a foreclosure is *not per se* FDCPA debt collection.").

Nor can the defendants' actions in this regard be deemed "unfair" or "unconscionable" under the FDCPA since the plaintiff does not dispute that he was in default at the time of any attempted foreclosure sale and the mortgagee's representatives and/or their agents are permitted by law to rely on representations made to them by a mortgagee as to the underlying basis for conducting the foreclosure sale. *See* 15 U.S.C. § 1692f (allowing a FDCPA claim for collecting a debt utilizing unfair or unconscionable means); Tex. Prop. Code § 51.007(f) (stating that a trustee shall not be liable for any good faith error resulting from reliance upon information provided by a mortgagee or their respective attorney, agent or other third party). Further, even assuming that one or more of the defendants qualifies as a "debt collector" within the meaning of the Act, the plaintiff fails to allege that either of them made a false, deceptive or misleading representation to him in connection with collecting on his mortgage loan. Hence, the plaintiff's claim brought pursuant to the FDCPA is dismissed.

### C. The Plaintiff's Claim for Violation of the Deceptive Trade Practices Act

The plaintiff generally alleges that the defendants are engaged in Deceptive Trade Practices ("DTPA") which have caused him harm. (Pl.'s Compl. at 2). In order to state a claim under the DTPA, a plaintiff must establish that: "(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages. *Taylor v. Ocwen Loan Servicing, LLC*, Civil Action No. H-12-2929, 2013 WL 3353955, at *4 (S.D. Tex. July 3, 2013) (quoting *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). To qualify as a "consumer" under the DTPA, a plaintiff must have sought or acquired goods or services by purchase or lease, and the goods or services must form the basis of the complaint. *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013)

(citing *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 708 (Tex. 1983)); *see also Miller Cushman v. GC Servs., LP*, 657 F. Supp.2d 834, 843 (S.D. Tex. 2009); Tex. Bus. & Com Code § 17.45(4).

The plaintiff is not a "consumer" within the meaning of the DTPA because the basis of his claims concerns alleged wrongful foreclosure activities, rather than the purchase or lease of goods or services. Thus, because the plaintiff cannot demonstrate "consumer" status under the DTPA, he "cannot maintain a DTPA action." *Burnette v. Wells Fargo Bank, N.A.*, No. 4:09–CV–370, 2010 WL 1026968 at *9 (E.D. Tex. Feb.16, 2010). Accordingly, the defendants are entitled to a dismissal of the plaintiff's DTPA claim.

> **D.  The Plaintiff's Fraud Claim**

The plaintiff vaguely alleges that the defendants are "engaging in fraud." (Pl.'s Compl. at 2). "To prevail on a fraud claim under Texas law a plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) the plaintiff thereby suffered an injury." *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 WL 6805843, *19 - 20 (S.D. Tex. Dec. 20, 2013) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.*, 51 S.W.2d 573, 577 (Tex. 2001)). Further, "Rule 9(b) requires that plaintiffs plead enough facts to illustrate 'the 'who, what, when, where, and how' of the alleged fraud.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2005) (citing *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

The plaintiff's fraud claim is based on alleged statements that fail for lack of specificity. Indeed, the plaintiff has not only failed to plead the "time, place, and contents of any false representations" but has also failed to provide the identity of any of the individuals making any such misrepresentations. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) (citing *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.")). Moreover, because any purported representations made consist of oral statements, the Statute of Frauds bars their admission. Therefore, the plaintiff's fraud claim should also be dismissed.

### E. The Plaintiff's Claim to Quiet Title

The plaintiff requests that the Court acknowledge that he is "the lawful and sole owner in full possession of the property and home." (Pl.'s Compl. at 4). To the extent the plaintiff's request could be characterized as a suit to quiet title, his claim fails. In order to prevail on a claim to quiet title, a plaintiff is required to demonstrate that: (1) he has an interest in the Property; (2) title to the Property is impaired by the defendant's claim; and (3) the defendant's claim, while facially valid, is unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012). "To quiet title in his favor, [a] plaintiff 'must allege right, title, or ownership in himself with sufficient certainty to enable the court to see [he] has a right of ownership that will warrant judicial interference.'" *Wells v. BAC Home Loans Servicing, LP*, Civil Action No. W-10-CA-00350, 2011 WL 2163987, at *4 (quoting *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.- Beaumont 2000, pet. denied)). "In other words, the plaintiff must recover on the strength of [his] title, not the weakness of his adversary's [title]." *Wells*, 2011

WL 2163987, at *4 (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

In the case *sub judice*, the plaintiff's claim to quiet title fails to allege any facts establishing the superiority of his title in relation to the Deed of Trust but rather focuses--almost entirely—on the weaknesses of defendants' claim to title. In fact, the plaintiff neither contests the validity of the Deed of Trust nor suggests that his *own* interest is superior to that of the Deed of Trust. Instead, he merely attempts to challenge the validity of defendants' claims to title by alleging, albeit in conclusory fashion, that: (1) he is "the lawful and sole owner in full possession of the property and home"; and (2) the defendants "caused [a] break in [the] chain of title and [he] cannot sell [the] property. (Pl.'s Compl. at 2). Because the plaintiff does not challenge the validity of the Deed of Trust or otherwise claim title superior to that of the foreclosing defendant, namely Caliber, he fails to state a claim to quiet title. *See Morlock, LLC v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *2 (reasoning that because the plaintiff's challenge to the validity of the assignment of the Deed of Trust simply questions which entity has the authority to enforce the Deed of Trust and does not contest the validity of the Deed of Trust or assert superior title, the plaintiff "fails to advance a plausible quiet-title claim"); *see also Fricks*, 45 S.W.3d at 327 (reasoning that a plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title"). Accordingly, the defendants are entitled to a dismissal of the plaintiff's claim to quiet title.

### F. The Plaintiff's Claims for Declaratory and Injunctive Relief

Finally, the plaintiff seeks a declaratory judgment specifying that he is the "lawful and sole owner in full possession of the property and home in fee simple" and injunctive relief restraining further action by the defendants to foreclose on the property. (*See* Dkt. No. 1, Ex. C-

1 at 3 – 4). Both declaratory and injunctive relief, however, are forms of relief grounded on underlying claims. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) (reasoning that declaratory relief is a procedural device and does not establish any substantive rights or causes of action); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."). Because this Court has determined that the plaintiff's substantive claims for relief fail, the plaintiff's claims for declaratory and injunctive relief also fail.

## V.   CONCLUSION

Based on the foregoing discussion and analysis, the defendants' motion to dismiss for failure to state a claim is **GRANTED**; their motions to dismiss on alternative grounds are **DENIED** as moot. Accordingly, the plaintiff's case is hereby DISMISSED in its entirety. Under the facts and pleadings of this case, any amendment would be futile; therefore, dismissal applies to all named defendants, with prejudice.

It is so **ORDERED**.

SIGNED on this 17th day of December, 2015.

_____
Kenneth M. Hoyt
United States District Judge